# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**GABE'S,**
**Employer Below, Petitioner**

**FILED**

**March 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-380**      (JCN: 2024008248)

**KEITH HAYES,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gabe's appeals the August 26, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Keith Hayes filed a response.[1] Gabe's filed a reply. The sole issue on appeal is whether the Board erred in authorizing a request for a left first MTP/IP[2] fusion.[3]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 26, 2023, Mr. Hayes stepped on and broke through a wooden pallet at work. In his Employees' and Physicians' Report of Injury form, completed on November 13, 2023, Mr. Hayes reported that his foot became caught in the pallet and that he fell, injuring his left great toe and second toe, left ankle, left knee, and left hip. Desirae Templeton, PA-C, completed the physicians' section of the application. Relevant to the current issue, Ms. Templeton diagnosed Mr. Hayes with injuries to his left foot, toes, and ankle. The physician's section of the report is difficult to read; however, Ms. Templeton's examination report dated November 13, 2023, is clearer. Ms. Templeton diagnosed the following conditions related to Mr. Hayes' work injury: nail trauma to his left great toe and

---

[1] Gabe's is represented by Jeffrey M. Carder, Esq. Mr. Hayes is represented by William B. Gerwig III, Esq.

[2] "MTP/IP" refers to the metatarsophalangeal/interphalangeal joint.

[3] Gabe's does not appeal the Board's order insofar as it authorized debridement of great toenail, affirmed the claim administrator's denial of second metatarsal osteotomy with plantar plate repair, and affirmed the claim administrator's denial of several secondary conditions in the claim.

1

second toe, left foot pain, left ankle pain and swelling, left knee pain and swelling, left hip pain, and left trochanteric bursitis. Ms. Templeton noted tenderness on palpation of the left foot and first toe proximal phalanx. A hammertoe was identified in the second toe of the left foot.

On December 6, 2023, Joseph E. Grady, M.D., examined Mr. Hayes. Dr. Grady noted an absence of a nail on the left great toe and tenderness to palpation on the nail bed of the toe. Hammertoe deformities of the second toes on both feet were felt to be preexisting and unrelated to the work injury. According to Dr. Grady, the work injury included a soft tissue injury of Mr. Hayes' left lower extremity, primarily in the left forefoot and particularly the left great toe, and a left great toe toenail injury. Further, Dr. Grady recommended a podiatrist referral for problems related to Mr. Hayes' left toe injury and an orthopedic referral for an evaluation of his knee replacement hardware.

By order dated December 22, 2023, the claim administrator held the claim compensable for left great toe contusion with damage to the nail and left knee sprain. However, without explanation or a stated basis, the order denied the conditions of pain in the left hip and left ankle, and sprains of the left ankle and lumbar spine.

On February 22, 2024, Carl Hasselman, M.D., an orthopedic surgeon, examined Mr. Hayes. Mr. Hayes complained that his left big toe and second toe hurt and that the toenail on his left great toe had not completely returned. Dr. Hasselman described the toenail as "chronically avulsed" and noted no palpable nailbed "in the back." Further, tenderness to palpation was noted over the first MTP joint, the IP joint, and at the second crossover toe. Imaging revealed arthritis in the first MTP and first IP joint. Dr. Hasselman opined that the arthritis was not recently acquired. Importantly, Dr. Hasselman determined that Mr. Hayes' injury caused damage to his toenail and the IP joint. The two options offered by Dr. Hasselman were to either live with the issues or undergo surgery involving a toenail removal, a first MTP and IP fusion of the great toe, and an IP fusion in the second toe to correct the hammertoe. Dr. Hasselman was clear that the second toe hammertoe issue was unrelated to the workplace injury. Further, Dr. Hasselman told Mr. Hayes that the toenail was not a significant problem. Mr. Hayes opted for the surgery.

By grievable order dated February 28, 2024, the claim administrator denied Dr. Hasselman's request for left first MTP/IP fusion, 2nd metatarsal osteotomy with plantar plate repair, and debridement of the great toenail because the medical documentation did not support that the treatment was related to the work injury.[4]

---

[4] By order dated April 17, 2024, the claim administrator affirmed its grievable order of February 28, 2024, after Mr. Hayes filed a grievance. The claim administrator noted that Jennifer Lultschik, M.D., opined that the proposed fusion of the first left MTP and IP joints and treatment for the left second toe hammertoe deformity were directed at preexisting conditions and not an acute work injury. Further, because Dr. Lultschik determined that the

On March 1, 2024, Mr. Hayes returned to his physician's assistant, Ms. Templeton. Mr. Hayes requested a neurology referral because he was having numbness in his left lower leg from the knee down to the foot that he said began after the injury at work. Mr. Hayes reported that he was scheduled for surgery with podiatry in a couple of weeks. Ms. Templeton assessed pain in the left knee, left hip, and left foot/ankle related to the work injury. She also assessed nail trauma and an injury to a nerve in the left lower leg following a work injury. A neurology referral was made for an injury to the cutaneous sensory nerve of the left lower leg.

By order dated March 20, 2024, the claim administrator denied Ms. Templeton's request to add the following diagnoses to the claim: left knee pain, left ankle pain, and left hip. The claim administrator found that pain is not a compensable diagnosis in a workers' compensation claim. Further, the claim administrator denied Ms. Templeton's request to add injury of the cutaneous sensory nerve of the left lower leg as medical records did not support that it resulted from the compensable injury. Mr. Hayes protested this order to the Board.

On March 26, 2024, Jennifer Lultschik, M.D., examined Mr. Hayes. According to Dr. Lultschik, Mr. Hayes' left great toenail had partially regrown and now covered about 75% of the nail bed. A hammertoe deformity was noted on the left second toes on both feet. Dr. Lultschik determined that a left great toe contusion, left knee sprain, and possible loosening of left knee replacement hardware were related to the work injury. Turning to the issue of treatment, Dr. Lultschik said that Dr. Hasselman "explicitly stated that the proposed fusion of the…joints and the 2nd metatarsal osteotomy were not related to the work injury.…" However, Dr. Lultschik said that while Dr. Hasselman indicated that Mr. Hayes damaged his IP joint in the injury, he did not explain how the joint was damaged. Dr. Lultschik found that the x-ray showed degenerative changes and no acute injury to the joint and she opined that the changes in the left first MTP and IP joints and the second toe hammertoe were preexisting and unrelated to the injury. Thus, Dr. Lultschik opined that the proposed fusion and treatment of the hammertoe were unrelated to the injury. Additionally, Dr. Lultschik felt that the lack of a toenail did not impair or interfere with the function of the foot. Although Dr. Lultschik agreed that debridement of the left first great toenail was related to the injury, she did not find it to be medically necessary given the partial regrowth. For the left knee, Dr. Lultschik agreed that Mr. Hayes' left knee should

debridement of the left first great toenail is not medically necessary because the nail has regrown, the claim administrator denied authorization for the surgery. Mr. Hayes protested the April 2024 order, which was the subject of the Board's order appealed here. However, this claim administrator's order is not included in Gabe's appendix on appeal. Thus, this Court has supplemented the record with the April 17, 2024, order. This Court notes that Mr. Hayes had attempted to protest the claim administrator's grievable order dated February 28, 2024, but by notice dated March 11, 2024, the Board did not accept this protest; this Court supplements the record with the Board's notice.

3

be further evaluated. Other than his knee, Dr. Lultschik placed Mr. Hayes at maximum medical improvement. Dr. Lultschik rated Mr. Hayes' left great toe injury at 2% whole person impairment for loss of range of motion in the MTP and IP joints. However, because x-rays described degenerative changes, Dr. Lultschik apportioned all of the impairment related to the great toe contusion and nail damage to preexisting conditions and found 0% impairment for the diagnosis. Dr. Lultschik deferred rating Mr. Hayes' left knee until he reached maximum medical improvement.

By order dated August 26, 2024, the Board addressed Mr. Hayes' appeals of the claim administrator's orders dated March 20, 2024, and April 17, 2024. The Board affirmed the claim administrator's March 20, 2024, order that denied left knee pain, left ankle pain, left hip pain, and injury of cutaneous sensory nerve of left lower leg finding that symptoms such as pain are not diagnoses that can be held compensable in a workers' compensation claim. However, the Board modified the claim administrator's order dated April 17, 2024, and authorized Dr. Hasselman's request for a left first MTP/IP fusion and debridement of the left toenail. The Board noted that Dr. Hasselman determined that Mr. Hayes damaged his toenail and IP joint of his left great toe when his foot was caught in a pallet. In its analysis, the Board weighed Dr. Hasselman's opinion along with Dr. Lultschik's opinion that the fusion was directed toward preexisting conditions rather than the work injury and that the toenail was no longer indicated. The Board concluded that Dr. Hasselman's opinion as an orthopedic surgeon was more persuasive than that of Dr. Lultschik. Thus, the Board authorized the fusion recommended by Dr. Hasselman, but it did not authorize the second metatarsal osteotomy with plantar plate repair. Gabe's now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Gabe's argues that the Board erred in authorizing the request for a first MTP/IP fusion in the claim. Gabe's asserts that when read *in pari materia*, West Virginia Code §§ 23-4-3 (2005) and 23-4-1 (2024) require the claim administrator to provide health care services that are reasonably required to treat a worker's work injury and that medical treatment is to be authorized only for injuries or diseases received in the course of and resulting from employment. Noting that the compensable conditions in the claim were a left knee sprain and left great toe contusion with damage to the nail, Gabe's contends that the Board should not have authorized the MTP/IP fusion. While Gabe's concedes that the toenail debridement procedure is medically necessary and related to the compensable condition of toenail damage, it argues that the proposed fusion is not a reasonable treatment as the compensable conditions do not include an acute injury to the first MTP/IP joint, nor has such diagnosis been requested in the claim. Gabe's also argues that Dr. Hasselman explicitly stated that the proposed fusion of the first MTP/IP joints and the second metatarsal osteotomy were unrelated to the work injury; further Gabe's argues that while Dr. Hasselman indicated that Mr. Hayes damaged the IP joint, he did not explain how and x-rays did not show acute injury. In sum, Gabe's argues that the Board was clearly wrong in authorizing the first MTP/IP fusion as it is not directed at treating the compensable work injury, and the Board's order should be reversed.

Mr. Hayes responds and contends that he reported injuries to his great toe and left foot/ankle and that on December 6, 2023, Dr. Grady recommended a podiatrist referral to evaluate his left foot. The claim administrator ruled the injury was compensable by order dated December 22, 2023. On February 22, 2024, Dr. Hasselman recommended toenail debridement and MTP/IP fusion specifically directed at treating the work injury. However, Dr. Hasselman concluded that the second toe hammertoe condition did not result from the injury. Mr. Hayes argues that Gabe's "dissected and scrambled" Dr. Hasselman's statements to create its argument that the treatment for the great toe was not due to the injury. Also, Mr. Hayes contends that while Dr. Lultschik found the fusion to be directed at preexisting conditions, the Board properly found Dr. Hasselman's opinion to be more persuasive and ruled that the preponderance of the evidence supported authorization for the first MTP/IP fusion and debridement of the left great toenail. Citing the Syllabus to *Hall v. State Compensation Commissioner*, 110 W. Va. 551, 159 S.E. 516 (1931), Mr. Hayes argues that affliction with a progressive disease that might someday have produced a physical disability is not an appropriate reason to disallow compensation for an injury that added to the disease and superinduced physical disability. Mr. Hayes contends that Dr. Hasselman's opinion that fusion and debridement of the great toe and toenail is unrefuted prima facie evidence establishing that the medical treatment is related to the occupational injury. Finally, citing *Hoult v. Workers' Compensation Commissioner*, 181 W. Va. 551, 383 S.E.2d 516 (1989), Mr. Hayes asserts that refusal of a claim for lack of medical causation is reversible error when prima facie medical evidence is not refuted by evidence of greater reliability; here, Mr. Hayes notes, the Board did not find Dr. Lultschik's opinion

5

to be persuasive. Thus, Mr. Hayes argues that the Board's order should be affirmed. In its reply, Gabe's reiterated its assertions that no acute injury to the first MTP/IP joint has been added to the claim nor was it requested, and that Dr. Hasselman stated that the MTP/IP fusion was not related to the work injury.

In its order, the Board found that Dr. Hasselman determined that Mr. Hayes' IP joint and great toe toenail were damaged when his foot became caught in the pallet, and Dr. Hasselman recommended fusion to treat the joint injury. The Board weighed Dr. Hasselman's opinion against that of Dr. Lultschik and determined that Dr. Hasselman's opinion was more persuasive. The Board concluded that the evidence establishes that the first MTP/IP fusion and the toenail debridement is medically necessary and reasonably required treatment for the compensable injury. Thus, the Board modified the claim administrator's order and authorized the treatment. However, in its findings of fact, the Board noted that Dr. Hasselman found the correction of the second toe hammertoe was not related to the injury. Thus, the Board did not authorize treatment (a separate IP fusion) for the second toe hammertoe.

We disagree with Gabe's argument that Dr. Hasselman indicated that the first MTP/IP fusion was unrelated to the work injury. We are not convinced that Gabe's intention is to mislead the court, as we note that Dr. Lultschik also misread Dr. Hasselman's report. Dr. Hasselman recommended an MTP/IP fusion of the first metatarsal (of the great toe) and a separate IP fusion for the second toe to correct the hammertoe (a non-work related condition). A close reading of Dr. Hasselman's report reveals that he attributed the need for the first MTP/IP fusion to the injury, but not the second toe IP fusion. Dr. Hasselman was clear that Mr. Hayes damaged the first IP joint during the injury.

As Mr. Hayes points out, the Board found Dr. Lultschik's opinion to be less persuasive than that of Dr. Hasselman's and that the evidence established that the surgery (except for the hammertoe correction) was medically necessary and reasonably required treatment for the compensable injury. Further, as Dr. Lultschik's opinion was determined to be less reliable than that of Dr. Hasselman, the prima facie medical evidence is not refuted by evidence of greater reliability and thus, the Board did not err in authorizing the surgery. Further, as the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in modifying the claim administrator's order and authorizing the fusion of the first left MTP/IP joint and the debridement of the left great toenail.

Accordingly, we affirm the Board's August 26, 2024, order.

6

Affirmed.

**ISSUED:** March 24, 2025


**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White